WR-86,973-03
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 10/9/2017 11:17 AM
Accepted 10/9/2017 1:42 PM
DEANA WILLIAMSON
CLERK

No. WR-86,973-03

IN THE COURT OF CRIMINAL APPEALS
AT AUSTIN, TEXAS

RECEIVED
COURT OF CRIMINAL APPEALS
10/9/2017
DEANA WILLIAMSON, CLERK

EX PARTE ADAM REPOSA

## THE STATE'S FIRST AMENDED RESPONSE OPPOSING APPLICANT'S EMERGENCY MOTION FOR STAY AND/OR MOTION FOR BOND PENDING THE FILING OF WRIT OF HABEAS CORPUS

TO THE HONORABLE JUDGES OF THE COURT OF CRIMINAL APPEALS:

The State of Texas, by and through the County Attorney for Travis County, respectfully moves this Court to deny applicant's emergency motion for stay and/or motion for bond pending the filing of writ of habeas corpus. In support thereof, the State submits the following:

### I.

### Jurisdiction

There is no direct appeal from a determination of contempt. *Ex parte Eureste*, 725 S.W.2d 214, 216 (Tex. Crim. App. 1986) ("There is no remedy or right of appeal from an order of contempt."). Accordingly, there cannot be an appeal bond in such situations. *Id.* Instead of a direct appeal, "[t]he proper course of review from a contempt order entered in a district court is by original application for writ of habeas corpus." *Id.* When the contempt involves "criminal

law matters," that original application is to the Court of Criminal Appeals. *Ex parte Moorehouse*, 614 S.W.2d 450, 451 (Tex. Crim. App. 1981) ("The normal course of any review of a contempt order 'regarding criminal law matters' is by an original application for writ of habeas corpus filed in this court.").

If this Court issues the writ of habeas corpus and return is made, then this Court has exclusive jurisdiction to grant or reject a request for bail. Article 11.32 of the Texas Code of Criminal Procedure provides:

> When the return of the writ has been made, and the applicant brought before the court, he is no longer detained on the original warrant or process, but under the authority of the habeas corpus. The safekeeping of the prisoner, pending the examination or hearing, is entirely under the direction and authority of the judge or court issuing the writ, or to which the return is made. He may be bailed from day to day, or be remanded to the same jail whence he came, or to any other place of safekeeping under the control of the judge or court, till the case is finally determined.

*See also Eureste*, 725 S.W.2d at 216 ("This Court, having issued the writ of habeas corpus, is the only court that may determine whether the applicant may be allowed bail or required to remain in jail.").

## II.

## Procedural History

On March 27, 2017, Applicant Adam Reposa was held in contempt by the Honorable Nancy Hohengarten, Presiding Judge of Travis County Court at Law No. 5. Judge Hohengarten issued her findings of contempt on April 3, 2017. On

2

June 19, 2017, the contempt case was scheduled for a hearing on the merits. However, Applicant failed to appear for trial and a capias for his arrest was issued (which was later recalled *sua sponte* by the Court in order to address Applicant's request for a competency evaluation).

On September 11 and 12, 2017, Applicant was tried for contempt pursuant to Section 21.002(d) of the Texas Government Code and was found guilty. On September 20, 2017, the Court issued an order detailing its guilty finding and assessing punishment at six (6) months confinement in the Travis County Jail. Applicant was ordered to report to the Travis County Sheriff's Office on September 29, 2017 to begin his sentence.

On September 26, 2017, Applicant filed a Motion to Release on Personal Recognizance Bond or Alternatively Reasonable Appeal Bond and a Motion to Expedite Hearing on Motion for Bond or Alternatively Postpone Commencement of Sentence. The Court set a hearing on the Motion to Release on Personal Recognizance Bond or Alternatively Reasonable Appeal Bond for October 2, 2017, and delayed the requirement that Applicant report to the Travis County Jail until the Applicant's motion could be heard. The Court held the bond hearing on October 2, 2017. Applicant failed to appear, but was represented by counsel. The Court denied the bond request, holding that pursuant to *Ex parte Eureste*, 725 S.W. 2d 214 (Tex. Crim. App. 1986), there is no appeal bond after a guilty finding for

3

contempt. The Court further held that the only appellate vehicle available after a guilty finding for contempt is a writ of habeas corpus to the appropriate appellate court and that the issuance of a bond was solely within the jurisdiction of that appellate court. The Court also signed the Amended Order, "that [Applicant] serve six (6) months in the Travis County Jail for each of the five contempt findings, to run concurrently, and for [Applicant] to serve this sentence day for day. [Applicant] shall present himself to the Travis County Sheriff's Office on or before 2:15 p.m. on October 2, 2017 to begin his sentence." Applicant Reposa failed to present himself to the Travis County Sheriff's Office in compliance with the Amended Order. Instead, Applicant fled to Williamson County to avoid the commitment order pending in Travis County and sought to obtain release from the sentence from a Williamson County district judge.

On October 3, 2017, Applicant, through his counsel, filed a Motion for Rehearing of Application for Writ of Habeas Corpus and a Second Amended Application for Writ of Habeas Corpus, in Travis County Court at Law Number Five. The motion was heard by Judge Sid L. Harle, sitting for Judge Nancy Hohengarten by designation. Applicant again failed to appear in person, but was represented by counsel. Applicant's attorney made an oral motion that Judge Harle set a bond with respect to the confinement order contained in the Amended Motion of October 2, 2017 and also made an oral motion that the sentence be reformed.

4

Judge Harle denied Applicant's motions and the Second Amended Application for Writ of Habeas Corpus.

On October 4, 2017, Applicant's attorney also requested a bond from Judge Tamera Needles, Presiding Judge of the 427th District Court. The State presented to Judge Needles the authority based on which the contempt court denied the same bond request, and Judge Needles also declined to issue any bond.

Applicant's attorney also represented to Judge Needles that Judge Rick Kennon, Presiding Judge of the 368th Judicial District Court of Williamson County, Texas had signed a bond releasing Applicant from confinement on the capias that was issued within Travis County when Applicant failed to turn himself in to Travis County Jail under the Amended Order. The State received information that Judge Kennon did in fact sign a personal bond for Applicant, but that it was not formally submitted because the Williamson County Sheriff's Office did not have authority to take Applicant into custody under the Travis County commitment capias. The State also received information that Applicant had sought bonds from other judges in Travis County, but no information whether any other bonds had been issued was forthcoming.

On October 6, 2017, Applicant was taken into custody. Applicant did not turn himself in, but rather was arrested in Williamson County while still evading the commitment order issued on October 2, 2017. Applicant was remanded into

5

the custody of the Travis County Sheriff's Office pursuing to the commitment order.

On October 7, 2017, Applicant sought and obtained a personal bond from Judge Needles without providing the State with notice and an opportunity to be heard. However, Applicant remains in the custody of the Travis County Sheriff's Office.

### III.

### The State Opposes Bond and Requests an Oral Hearing

In light of Applicant's failure to appear for the first trial of the contempt case on June 19, 2017, failure to appear for his bond hearing on October 2, 2017, failure to appear for his Travis County trial court application for habeas corpus hearing on October 3, 2017, failure to appear for his bond hearing before Judge Needles on October 4, 2017, and deliberate avoidance of the contempt court's commitment order issued on October 2, 2017, the State opposes issuance of a bond pending his filing of an application for writ of habeas corpus with this Court, especially on an emergency basis without a full opportunity for the State to be heard.

Applicant has shown over the course of the contempt proceedings that he is a significant flight risk. Additionally, there is no reason why this request should be heard on an emergency basis. Applicant could have filed an application for writ of habeas corpus and requested bail at any time earlier this week but instead elected

to ignore the clear law vesting exclusive authority to grant a bond with the appropriate appellate court that has issued a writ of habeas corpus. *See Ex parte Eureste*, 725 S.W. 2d 214 (Tex. Crim. App. 1986). Applicant's refusal to follow that precedent is not a valid reason to require this Court to rush its judgment regarding his request.

## IV.

## Conclusion

Applicant has demonstrated that he is a flight risk and has failed to demonstrate why emergency consideration of his request for a bond is appropriate. Any emergency circumstances were of his own creation.

The State accordingly requests that the emergency request be denied and that this matter be scheduled for an oral hearing.

## V.

## Oral Argument Requested

The State requests oral argument.

## PRAYER

Wherefore, the State requests that this Court deny Applicant's Emergency Motion for Stay and/or Motion for Bond Pending the Filing of Writ of Habeas Corpus.

7

Respectfully submitted,

DAVID ESCAMILLA
County Attorney
Travis County, Texas

Keith Henneke
Special Assistant County Attorney
State Bar No. 24054497
Don Clemmer
Special Assistant County Attorney
State Bar No. 04372500
Rob Drummond
Special Assistant County Attorney
State Bar No. 24036503
P.O. Box 1748
Austin, Texas 78767
Phone No. (512) 854-4948
Fax. No. (512) 854-4810
Keith.Henneke@traviscountytx.gov
Don.Clemmer@traviscountytx.gov
Rob.Drummond@traviscountytx.gov

8

# CERTIFICATE OF SERVICE

I hereby certify that, on this 9th day of October, 2017, a copy of the

foregoing reply was sent, via U.S. mail, email, facsimile, or electronically through

the electronic filing manager, to the following:

Carissa Beene
Attorney for Applicant
carissa.beene@gmail.com

McKinley Melancon
Attorney for Applicant
lawfirm.melancon@gmail.com

Keith M. Henneke
Special Assistant County Attorney

9

## CERTIFICATE OF COMPLIANCE

Pursuant to Texas Rule of Appellate Procedure 9.4(i), the State certifies that the length of this response is <u>1,717</u> words. The State also certifies, pursuant to Texas Rule of Appellate Procedure 9.4(e), a conventional typeface 14-point was used to generate this brief.

_____
Keith M. Henneke
Special Assistant County Attorney
